UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21402-CIV-GRAHAM/O'SULLIVAN

LINDSAY GRANT,
    Plaintiff,

v.

INTERNATIONAL CRUISE SHOPS, LTD.,
STARBOARD CRUISE SERVICES, INC.,
and HOLLAND AMERICA LINE,
    Defendant.
_____/

## ORDER

THIS MATTER came before the Court at a February 8, 2007, informal discovery conference. Following oral argument by the parties, the Court issued the following orders from the bench:

- The Defendants, International Cruise Shops, Ltd and Holland America Line's Memorandum of Law in Opposition to Plaintiff's Motion to Compel Discovery (DE # 44, 2/7/07) is STRICKEN from the record.

- The affidavits of Stephen C. Price (DE # 43, 2/7/07) and Juan T. Pina (DE # 45, 2/7/07) are not stricken from the record and were considered during the informal discovery conference.

- The request to compel as it relates to the subject witness statements is denied. The subject witness statements were taken after the commencement of litigation, fall under the work product privilege and are not required to be produced.

- The request to compel as to the subject accident reports is granted. The defendants based their objection to providing the accidents reports on a claim that the reports were prepared in anticipation of litigation. The defendant provided two conclusory affidavits that state that crew member accidents often result in litigation and that the reports were

generated in anticipation of litigation.  There is no need for litigation to be imminent, but a document is privileged only when the "primary motivating purpose behind the creation of the document was to aid in possible future litigation." United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. Unit A Feb., 1981).  Because an accident report was created when an individual was injured on a vessel does not mean that the accident report was prepared in anticipation of litigation.  See, e.g., Carver v. Allstate Ins. Co., 94 F.R.D 131, 134-35 (S.D. Ga. 1982) (because insurer had not yet made a decision to challenge claimant's claim, the initial standard reports know as "diary sheets" prepared by an insurance adjuster, were not considered to be prepared in anticipation of litigation).

    The accident reports at issue were prepared as part of a routine investigation shortly after the incident and were not made at the direction of counsel or as a result of a threatened lawsuit.  The reports were not made in anticipation of litigation and shall be produced.

- The defendant shall produce the documents on or before February 15, 2007.  If the defendant appeals this Order to the District Court Judge, the time for the documents to produced shall be stayed pending the appeal.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 8th day of February, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Graham
All Counsel of Record